UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------
WALDEMAR CHABOWSKI,

                    Plaintiff,

      -against-

CATERPILLAR, INC. and MILTON CAT,

                    Defendants.
------------------------------------------------------------

**MEMORANDUM OF LAW
IN OPPOSITION TO
MOTION TO REMAND**

Civil Action No.: 07-CV-102S(F)

      Defendant, Milton CAT, properly known as Southworth-Milton, Inc. d/b/a Milton CAT ("Milton CAT") hereby submits this memorandum of law in opposition to the Motion to Remand filed by the plaintiff, Waldemar Chabowski ("plaintiff"), wherein he seeks to remand this matter to the New York Supreme Court, Erie County.

## BACKGROUND

      The plaintiff commenced the present action in the Erie County Supreme Court on January 18, 2007 by filing a Summons and Complaint. On February 22, 2007, Milton CAT filed a Notice of Removal, pursuant to 28 U.S.C.A. §1441, whereby it removed the plaintiff's action to the United States District Court for the Western District of New York based on diversity jurisdiction. 28 U.S.C.A §1332. Defendant Caterpillar, Inc. ("Caterpillar") consented to Milton CAT's removal and filed its Answer and Jury Demand with this Court on February 28, 2007. Seven days after removal from state court, the plaintiff filed an Amended Summons and Amended Complaint in Erie County Supreme Court on March 1, 2007. On March 5, 2007, the plaintiff filed a Motion to Remand seeking the remand of this matter to the Erie County Supreme Court. Plaintiff's Motion

alleges that diversity amongst the parties is incomplete and that removal was defective as Caterpillar failed to provide written consent to the Court regarding the removal of the action. As discussed in more detail below, the plaintiff's Amended Complaint is procedurally defective and the plaintiff's remaining assertions are without merit as the requirements of 28 U.S.C.A. §§1332 and 1441 have been met.

### I. PLAINTIFF'S AMENDED COMPLAINT IS PROCEDURALLY DEFECTIVE AND SHOULD NOT BE CONSIDERED BY THE COURT

Milton CAT filed a Notice of Removal on February 22, 2007. In an attempt to defeat diversity jurisdiction, the plaintiff filed an Amended Summons and Amended Complaint on March 1, 2007, in Erie County Supreme Court, seven days after its removal from Supreme Court, alleging that Milton CAT was incorporated in New York.[1] (See Amended Complaint ¶ 2). On March 5, 2007, plaintiff filed its Motion to Remand based, in part, upon the allegation that there is incomplete diversity between the parties within the Amended Complaint. However, it is well settled that once a case has been removed, federal law and the Federal Rules of Civil Procedure govern the mode of the proceedings. See Fed.R.Civ.P. 81(c), Granny Goose Foods, Inc. v. Brotherhood of Teamsters et al., 415 U.S. 423, 437-439 (1974).

After the Notice of Removal was filed by Milton CAT, plaintiff improperly filed his Amended Complaint in the Erie County Supreme Court and failed to seek either this Court's permission, or the consent of the two defendants who had already filed their answers, to amend his complaint. Accordingly, the Amended Complaint should be stricken as being procedurally defective and should not be considered for purposes of deciding the present motion.

---

[1] Plaintiff's original summons and complaint identified Milton CAT as a Massachusetts corporation with its principal place of business being in Massachusetts.

Second, a case is not to be remanded "'if it was properly removable upon the record as it stood at the time that the petition for removal was filed.'" Hazel Bishop, Inc. v. Perfemme, Inc., 314 F.2d 399, 403 (2d Cir. 1963), Bradford v. Olympic Courier Systems, Inc., 1997 U.S.Dist.LEXIS 13978 at *2, *6 (E.D.N.Y. 1997), Collins v. Dartmouth Plan, Inc., 1986 U.S.Dist.LEXIS 18433 at *4 (D. Conn. 1986)(holding that federal jurisdiction existent at the time of removal survives amendment of the complaint). The record in this case is clear. The plaintiff's Amended Complaint was filed after the Notice of Removal and therefore, should not be considered by the Court with respect to the present motion. Accordingly, because removal was proper at the time that the Notice of Removal was filed, plaintiff's Motion to Remand on this basis should be denied.

## II.     COMPLETE DIVERSITY EXISTS AND PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED

For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated. 28 U.S.C.A. §1332(c)(1), see also, Hogan v. Conrail, 961 F.2d 1021, 1027 (2d Cir. 1992). In deciding a motion to remand "the court is not limited to the plaintiff's complaint, but may instead look to the entire record." Murphy v. Federal Ins. Co., 2002 U.S.Dist.LEXIS 16298 at *5 (E.D. Pa. 2002), see also, Conover v. Home Depot, U.S.A., Inc., 1996 U.S.Dist.LEXIS 3 at *2 (S.D.N.Y. 1996), Vassell v. Rickels, 1995 U.S.Dist.LEXIS 1688 at * 4 (S.D.N.Y. 1995) (in all three cases the courts denied the plaintiffs' motions to remand after the courts reviewed supporting affidavits and documents provided by the defendants).

In Conover v. Home Depot, U.S.A., Inc., the Southern District of New York denied the plaintiff's motion to remand and granted the defendant's motion to remove the

action from the Bronx County Supreme Court. 1996 U.S.Dist.LEXIS 3 at * 1. While the plaintiff asserted that complete diversity was lacking, the court found that the defendant's state of incorporation was Delaware. Id. at *2. After reviewing an affidavit submitted by the defendant's litigation manager in opposition to the motion to remand, the court determined that the defendant's principal place of business was in Georgia. Id. The court also noted that "the mere fact that the defendant [had] an office in New York [did] not make it a New York citizen for jurisdictional purposes." Id. Accordingly, diversity was complete and the motion to remand was denied. See also Vassell, 1995 U.S.Dist.LEXIS 1688 at *4 (same).

In the present case, plaintiff's Amended Summons and Amended Complaint, along with the affidavit of Teresa Walsh, Esq. in support of the plaintiff's Motion to Remand, erroneously state that Milton CAT is a New York corporation with its principal place of business at 2140 Military Road, Tonawanda, New York. (See Walsh Affidavit at ¶ 6). As set forth in Milton CAT's Notice of Removal filed on February 22, 2007 and the Affidavit of Stephen A. Boyd dated March 28, 2007 submitted herewith, Southworth-Milton, Inc. d/b/a Milton CAT was incorporated in New Hampshire in 1960 and has at all relevant times maintained its principal place of business in Milford, Massachusetts. (See Milton CAT's Notice of Removal and the Affidavit of Stephen A. Boyd at ¶ 5-8). The documents submitted with Mr. Boyd's Affidavit confirm these facts. (See Exhibit "A" Stephen Boyd's Affidavit). Despite the plaintiff's allegations to the contrary, Southworth-Milton, Inc. does not maintain its principal place of business in Tonawanda, New York and thus, the Tonawanda location is immaterial for diversity purposes. See Conover, 1996 U.S.Dist.LEXIS 3 at *2 and Vassell, 1995 U.S.Dist.LEXIS 1688 at *4.

Accordingly, there is complete diversity and the plaintiff's Motion to Remand should be denied.[2]

### III. MILTON CAT'S NOTICE OF REMOVAL WAS PROPER AND CATERPILLAR HAS CONSENTED TO REMOVAL

"Although not expressly required by statute, a majority of federal courts have interpreted 28 U.S.C. §1446 as requiring all served defendants to consent to removal within the statutory thirty-day period -- this rule being known as the 'rule of unanimity'." Piacente v. State Univ. of N.Y. at Buffalo, 362 F.Supp.2d 383, 384 n3 (W.D.N.Y. 2004). One of the purposes of the rule of unanimity is to ensure that all of the defendants share in the desire to remove to action and consent to the court's jurisdiction. Esposito v. Home Depot U.S.A, Inc. et al., 436 F.Supp.2d 343, 346 (D. R.I. 2006)(holding that the all of the defendants desired to remove the action and that the non-petitioning defendant's filing of a timely answer constituted sufficient consent for rule of unanimity purposes).

In Harper v. AutoAlliance Inter. Inc. et al., the Sixth Circuit Court of Appeals held that a notice of removal which represented that all of the defendants consented to removal, but was not signed by all defendants, was sufficient for "rule of unanimity" purposes. 392 F.3d 195, 201-202 (6th Cir. 2004). The court also held that the defendant's filing of its answer within the requisite 30-day period was an additional and separate unambiguous form of consent to the court's jurisdiction. Id. at 202. Accordingly, the plaintiff's motion to remand was denied. The courts in New York have also held that the filing of an answer is a sufficient form of consent to jurisdiction. See Dutchess Bank & Trust Co. v. Holden Constr. Co., 49 A.D.2d 901 (2nd Dept. 1975), Manfrida v. New Rochelle, 63 A.D.2d 710, 711 (2nd Dept. 1978).

---

[2] The plaintiff's Motion to Remand does not contest the amount at issue (more than $75,000) nor does it contest defendant Caterpillar's citizenship with respect to the diversity jurisdiction issue.

Caterpillar's consent to the removal of the action and to this Court's jurisdiction was clear and unequivocal. First, and as permitted in Harper, supra, Caterpillar consented to Milton CAT's Notice of Removal which expressly stated that Caterpillar "does not object to the removal of this action and joins in Milton CAT's Demand for a jury trial in this matter." (See Notice of Removal ¶ 12). Second, Caterpillar timely filed its Answer and Jury Demand with this Court, indicated that it was doing so pursuant to Fed.R.Civ.P. 8 and 12, and did not raise any jurisdictional defenses. By not raising any jurisdictional defenses in its Answer, Caterpillar waived its right to do so at a later time and thus, provided its unambiguous consent to this Court's jurisdiction. Fed.R.Civ.P. 12(h)(1), see also, Harper, 392 F.3d at 202. The concerns underlying a typical "rule of unanimity" inquiry are not present in this case as it is clear that both defendants have consented to removal and this Court's jurisdiction. Accordingly, Milton CAT's Notice of Removal was proper.

## CONCLUSION

For the foregoing reasons, the defendant, Milton CAT, respectfully requests that this Court deny the plaintiff's Motion to Remand, together with such other and further relief as this Court deems just and proper.

DATED:    April 6, 2007         McNAMEE, LOCHNER, TITUS
                                WILLIAMS, P.C.

                      By:    _____
                             Scott A. Barbour, Esq.
                             Attorneys for Defendant Milton CAT
                             677 Broadway
                             P.O. Box 459
                             Albany, New York 12201-0459
                             (518) 447-3213

TO:   David W. Olsen, Esq.
      BROWN CHIARI, LLP
      Attorneys for Plaintiff
      5775 Broadway
      Lancaster, New York 14086

      Christopher B. Parkerson, Esq.
      CAMPBELL, CAMPBELL, EDWARDS & CONROY
      Attorneys for Defendant Caterpillar, Inc.
      One Constitution Plaza
      Boston, Massachusetts 02129