UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALDEMAR CHABOWSKI, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| CATERPILLAR, INC., | **07-CV-102S(F)** |
| MILTON CAT, | |
| Defendants. | |

APPEARANCES:   BROWN CHIARI, LLP
Attorneys for the Plaintiff
DAVID W. OLSON, ESQ.,
THERESA M. WALSH, of Counsel
5775 Broadway
Lancaster, New York   14086

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
Attorneys for Defendant Caterpillar, Inc.
KURT B. GERSTNER, ESQ., of Counsel
One Constitution Plaza, Third Floor
Boston, Massachusetts   02129

McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.
Attorneys for Defendant Milton CAT
SCOTT A. BARBOUR, ESQ., of Counsel
677 Broadway
P.O. Box 459
Albany, New York   12201

## JURISDICTION

This case was referred to the undersigned by Honorable William M. Skretny on

March 2, 2007, for decision and order on non-dispositive motions.  The matter is

presently before the court on Plaintiff's motion to remand[1] (Doc. No. 74), filed March 5,

---

[1]The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of the merits of either a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed.  *Wachovia*

2007.

## BACKGROUND, FACTS AND DISCUSSION[2]

By papers filed March 5, 2007 (Doc. No. 7), Plaintiff moves for remand of this

action based on Defendants' failure to comply with 28 U.S.C. § 1446(b) (" § 1446(b)").

In particular, Plaintiff contends that Defendant Caterpillar, Inc. ("Caterpillar") failed to

timely file a consent to Defendant Milton CAT's removal petition filed February 22, 2007

("the petition").  In the petition, Defendant Milton CAT (a tradename for Southworth

Milton, Inc., a New Hampshire corporation) ("Milton CAT") stated that Caterpillar did not

object to removal (Doc. No. 1 ¶ 12).  However, except for three circumstances not

applicable to this case, such representation is not effective to satisfy the judicially

created unanimous consent rule.  Steven Baicker-McKee, William M. Jansenn, John B.

Corr, FEDERAL CIVIL RULES HANDBOOK 2007 (Thomson-West) at 93 (citing cases).

Although, as Defendants argue, an answer filed by a co-defendant within the 30 days

period for removal, mandated by § 1446(b), may provide the requisite affirmative

consent to a removal petition filed by another co-defendant, *see Esposito v. Home

Depot U.S.A., Inc.*, 436 F.Supp.2d 343, 345-46 (D.R.I. 2006) (citing cases), in the

instant case, Caterpillar's answer was filed more than 30 days after Caterpillar and

---

*Bank National Assoc. v. Deutsche Bank Trust Co.*, 397 F.Supp.2d 698 (W.D.N.C. Nov. 8, 2005); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988).  *See Mahl Bros. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 307 F.Supp.2d 474 478 (W.D.N.Y. 2004) (Arcara, C.J.) (denying under 28 U.S.C. § 636(b)(1)(A), plaintiff's objections to undersigned's decision denying motion to remand as not "clearly erroneous or contrary to law.").  *Compare In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute).

[2] Taken from the pleadings and papers filed in this matter.

Milton CAT were served with the summons and complaint on January 26, 2007 (Notice of Removal) (Doc. No. 1).[3]  Significantly, Caterpillar's answer was served February 28, 2007, two days after the 30-day period for effective removal, within which to effect removal under § 1446(b), expired on February 26, 2007, excluding Sunday, February 25, 2007.  *See* Fed.R.Civ.P. 6(a) (last day in period for performing required act included except if a Saturday or Sunday).  Thus, even if Caterpillar's answer, which does not mention assenting to Milton CAT's removal, could be construed as providing the court with some form of notice of its assent to removal, such notice was not timely under § 1446(b), and thus ineffective.  *See Harper v. Auto Alliance International, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (answer filed within § 1446(b)'s 30 days period constituted consent to removal).  Caterpillar's argument that its answer constituted such affirmative notice of its assent to removal because the answer did not raise jurisdictional defenses which were thereby waived (Doc. No. 14 at 5-6) is unavailing as it is fundamental that parties may not stipulate to a district court's subject matter jurisdiction and thus such a purported "waiver" is irrelevant to whether Milton CAT's removal notice complied with § 1446(b).

Nor has Caterpillar filed any filed anything manifesting its consent to remove as required to satisfy the rule of unanimity.  *See Gay v. Carlson*, 1990 WL 20172, *2 (S.D.N.Y. Feb. 23, 1990) (holding removal was proper where petitioning defendant stated in notice of removal that all parties agreed to removal and, following the filing of the petition, the supplemental consents to removal were filed by each codefendant,

---

[3]  Plaintiff's Memorandum of Law (Doc. No. 9) at 3.  Defendants do not contest Plaintiff's statement that Caterpillar was served on January 26, 2007.

albeit outside the 30-day statutory removal period, stating that "[a]ny doubt as to the unanimity of defendants' desire to be in federal court is dispelled by the supplemental notice of removal that was signed by all defendants."). *See also Codapro Corp. v. Wilson*, 997 F.Supp. 322, 326 (W.D.N.Y. 1998) (considering letter from attorney representing one defendant confirming codefendant's consent to removal as insufficient to satisfy rule of unanimity's requirement that all defendants consent to removal).

It is equally well-established that the court must "construe the removal statute narrowly, resolving any doubts against removability." *Somylo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). While the 30-day period of § 1446(b) is not jurisdictional, "federal courts rigorously enforce the statute's 30-day filing requirement." Moreover, the issue on a request for remand is not solely a question of subject matter jurisdiction, but one of protecting a plaintiff's choice of forum. *See Piacente v. State Univ. of New York at Buffalo,* 362 F.Supp.2d 383, 386 (W.D.N.Y. 2004) (citing *Wilds v. United Parcel Serv., Inc.* 262 F.Supp.2d 163, 176 (S.D.N.Y. 2003) ("The defendant's right to removal and the plaintiff's right to chose the form are not equal, and uncertainties are resolved in favor of remand.") (quoting 16 James Wm. Moore, *et al*. MOORE'S FEDERAL PRACTICE § 107.05 (3d. ed. 2003) (internal cross-reference omitted)). Carefully read, Defendants' contentions that Defendants complied fully with the unanimous consent rule for an effective removal pursuant to § 1446(b) requirement appear more of an after-thought than a reality.[4]

---

[4]  The court notes, but does not rely on, the petition fails to comply with Local Rule of Civil Procedure 81(a)(3) requiring an index of all removed documents filed in state court.

Based on the Affidavit of Stephen A. Boyd, Esq., filed April 6, 2007 (Doc. No. 13) the court finds, contrary to Plaintiff's assertion, that Milton CAT, more correctly known as Southworth Milton, Inc., is a New Hampshire corporation, and, as such, there is no merit in Plaintiff's remand motion asserting a lack of complete diversity.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for remand (Doc. No. 7) is GRANTED. The Clerk of Court shall take all steps necessary to effect remand of this action to New York Supreme Court, Erie County.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2007
       Buffalo, New York